## CHRISTIAN HALVORSON v. COUNTY BOARD OF CHIPPEWA COUNTY.[1]

May 3, 1918.

No. 20,783.

**County ditch — assessment of damages — findings sustained.**

> The findings fixing the amount of benefits and damages which will result from the construction of the proposed ditch across plaintiff's land are sustained by the evidence.

From an order of the board of county commissioners of Chippewa county establishing County Ditch No. 22 and confirming the viewers' report, Christian Halvorson appealed to the district court for that county. The appeal was heard before Daly, J., who made findings and ordered judgment in favor of appellant for $625. From an order denying his motion for a new trial, appellant Halvorson appealed. Affirmed.

*Oluf Gjerset* and *J. O. Haugland,* for appellant.

*Peterson & McCargar* and *L. D. Barnard,* for respondent.

TAYLOR, C.

Plaintiff appealed to the district court from the assessment of benefits and damages to his land on account of the construction of County Ditch Number 22 in Chippewa county. This ditch provides drainage for a large territory, and where it crosses plaintiff's land it is 20 feet in width at the bottom, from 40 to 41 feet in width at the top, and about 10 feet in depth. The appeal was tried by the court without a jury, and resulted in findings fixing plaintiff's benefits at the sum of $1,635

[1] Reported in 167 N. W. 425.

and his damages at the sum of $1,000. He made a motion for a new trial and appealed from the order denying it.

Plaintiff claims that the amount assessed as benefits is unreasonably large and the amount allowed as damages unreasonably small; and in legal effect the appeal simply raises the question as to whether the findings fixing the benefits and damages at the amounts stated are sustained by the evidence. The estimates of the different witnesses vary widely, as frequently happens in such cases, but the evidence is ample to sustain the conclusions reached by the court.

Plaintiff complains that the court based its findings upon the report of the viewers. Two of the viewers testified in detail concerning the situation and condition of the premises and the reasons for the conclusions at which they had arrived; and, while the findings of the court coincide with the findings of the viewers, they are clearly based upon the testimony given at the trial and not upon the report filed by the viewers.

Plaintiff also complains that he was not allowed a sufficient amount for the expense of constructing a bridge across the ditch to serve as a farm crossing. There was evidence that a suitable bridge supported by piling would cost about $125, and that an iron bridge supported by cement piers would cost about $1,200. The record does not show what amount was allowed for the expense of constructing the crossing. No reference whatever is made to the matter in the findings. Having in mind the common knowledge of the general character of farm crossings, the court would not have been justified in allowing an amount sufficient to construct an iron bridge supported by cement piers. The testimony as to the expense of constructing a bridge was merely an item of evidence to be considered in determining the amount of damages, and so far as appears it was given proper consideration by the court.

Order affirmed.